UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61866-DAMIAN/Valle

**JONATHAN HARRINGTON**,

    Plaintiff,

v.

**CALVIN GLIDEWELL**, *et al.*,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 30]

**THIS CAUSE** came before the Court upon *pro se* Plaintiff, Jonathan Harrington's ("Plaintiff"), Motion for Reconsideration [ECF No. 30 (the "Motion")], filed December 2, 2024.

THIS COURT has considered the Motion, the Response and Reply thereto [ECF Nos. 33 and 34], the relevant authorities, and the pertinent portions of the record and is otherwise fully advised in the premises.

### I.    BACKGROUND

On November 19, 2024, this Court entered an Order dismissing Plaintiff's Complaint on grounds the Complaint failed to demonstrate a basis for subject matter jurisdiction and failed to articulate any plausible bases for relief. *See generally* ECF No. 26. The Order also denied as moot Plaintiff's then-pending Motion for Summary Judgment [ECF No. 24] in light of the dismissal of the Complaint. In the November 19, 2024, Order, the Court noted that the Motion was likely premature at that stage of the case and would have been denied *without prejudice* on that basis alone. *Id.* at 6 n.2.

In the Motion now before the Court, Plaintiff requests that the Court reconsider the Order of dismissal on grounds he can cure the Complaint's deficiencies through amendment. More specifically, Plaintiff concedes that the Complaint failed to allege subject matter jurisdiction on the basis of diversity of citizenship, but he nevertheless argues that the lack of jurisdiction can be cured by dismissal of the claims against the Florida-based Defendants "in-the-alternative." Mot. at 1. Plaintiff further asserts that federal question jurisdiction exists by way of the Complaint's federal claim under 42 U.S.C. §1983. *Id.* at 2. Plaintiff next contends that, if granted leave to amend the Complaint, he can prepare a pleading consistent with the federal pleading requirements. *Id.* at 2. Finally, Plaintiff spends the remainder of his Motion arguing that his Motion for Summary Judgment was properly before the Court, that it was not premature, and that he is entitled to summary judgment as a matter of law. *Id.* at 3–5.

After careful review, this Court finds Plaintiff has not demonstrated a basis for reconsideration.

## II.     APPLICABLE LEGAL STANDARDS

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. U.S. Coast Guard Seventh Dist.*, No. 18-23188-CIV, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (Scola, J.) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000)). "[T]he grant of a motion to reconsider is an extraordinary remedy employed sparingly." *F & G Rsch., Inc. v. Google Inc.*, No. 06-60905-CIV, 2007 WL 2774031, at *5 (S.D. Fla. Sept. 21, 2007) (Altonaga, J.) (citations omitted). Courts will deny a motion for reconsideration unless there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla.

2002) (citations omitted). It is well established that arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. *F & G Rsch.*, 2007 WL 2774031, at *5 (citation omitted).

### III.   DISCUSSION

Review of the Motion reflects Plaintiff has not identified any of the permissible grounds for reconsideration. He has not identified an intervening change in controlling law, the availability of *new* evidence (that is, evidence that was not available to him at the time he filed the Complaint), nor the need to correct a clear error or prevent manifest injustice. Therefore, Plaintiff has not demonstrated that he is entitled to reconsideration because the Motion is based entirely on authority and facts he could have but did not raise when stating the claims in the Complaint. *See Seacoast Constr., Inc. v. JPMorgan Chase Bank, N.A.*, No. 20-20491-CIV, 2020 WL 9600108, at *4 (S.D. Fla. Aug. 13, 2020) (Altonaga, J.) ("[A party] may not use a motion for reconsideration to raise an argument that could have been—but was not—raised previously."); *see also Pines Properties, Inc. v. Am. Marine Bank*, No. 00-8041-CIV, 2004 WL 5562664, at *1 (S.D. Fla. Jan. 15, 2004) ("A party should not use a motion for reconsideration to request that the court rethink what it already thought through—rightly or wrongly." (internal quotation marks and citation omitted)).

More importantly, Plaintiff has not demonstrated that he is able to correct the pleading deficiencies that were identified in the Court's Order by, for example, articulating a basis for this Court's subject matter jurisdiction based on diversity of citizenship or a federal question. To begin with, Plaintiff did not submit a proposed amended complaint that the Court can examine to determine whether diversity of citizenship exists between himself and the purportedly out-of-state Defendant, Centene Corporation. *See Risk v. Internal Revenue Serv.*,

No. 18-61300-CIV, 2018 WL 7502702, at *1 (S.D. Fla. July 3, 2018). Indeed, although the Court was able to surmise that Plaintiff resides in Florida given his listed address in the Court's electronic case management system, Plaintiff has never alleged, in either the Complaint or his Motion, his own citizenship.

Furthermore, to the extent Plaintiff asserts jurisdiction exists based on his federal claim pursuant to § 1983, the Complaint, which is riddled with conclusory and immaterial facts, nevertheless fails to set forth a plausible federal cause of action on its face. *See West Coast Enters., LLC v. Darst as Trustee of G.A. Darst Equity Trust*, 561 F. Supp. 3d 1180, 1183 (M.D. Fla. 2021). And, relatedly, despite his barebones contention that he is "ready to offer a shorter, plainer claim of entitlement to relief under [Federal Rule of Civil Procedure 8]," (Mot. at 2), the Court lacks any basis upon which it can ascertain plausible claims for relief.

Lastly, insofar as the Motion seeks reconsideration of the denial of Plaintiff's Motion for Summary Judgment, the Court again concludes that Plaintiff has not presented a change in the law, new evidence, or a need to correct clear error or manifest injustice. The Motion for Summary Judgment was denied as moot in light of the Complaint's dismissal, and this Court is satisfied that Plaintiff has not shown that the denial of summary judgment was not clear error or manifest injustice. Rather, Plaintiff devotes significant energy to arguing why, according to him, the Motion for Summary Judgment was not premature and why he is entitled to summary judgment as a matter of law. *See* Mot. at 3–5. The Motion fails to establish any basis for the Court's reconsideration in this regard.

In sum, Plaintiff has not demonstrated a basis for reconsideration of the Court's Order of Dismissal and has not demonstrated that if the Court did reconsider its Order, he is able to correct the deficiencies identified in the Court's Order. *See Lomax v. Ruvin*, 476 F. App'x 175,

177 (11th Cir.2012) ("To prevail on a motion for reconsideration, the moving party must present new facts or law of a strongly convincing nature."). Finally, the Court maintains, as previously determined, that amendment here would be futile because it is apparent that the Court lacks subject matter jurisdiction, and, therefore, dismissal with prejudice was and is appropriate.

## IV.    CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has failed to demonstrate that reconsideration of this Court's November 19, 2024 Order [ECF No. 26] is warranted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [**ECF No. 30**] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Expedite [**ECF No. 35**] is **DENIED AS MOOT**. It is further

**ORDERED AND ADJUDGED** that this case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this <u>26th</u> day of February, 2025.

                              **MELISSA DAMIAN**
                              **UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record

       Jonathan Harrington, *Pro Se*
       1701 S.W. 15th Court
       Fort Lauderdale, FL 33311